## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS MARINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 1:06CV01255 |
| DRUG ENFORCEMENT ADMINISTRATION | ) |
| (DEA) as a component of the DEPARTMENT | ) |
| OF JUSTICE (DOJ), | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF KATHERINE L. MYRICK

I, KATHERINE L. MYRICK, pursuant to the provisions of 28 U.S.C. §1746, declare as follows:

1. I am the Chief of the Drug Enforcement Administration's (DEA) Freedom of Information/Records Management Section, Operations Unit (SARO). I have held this position since April, 1998. My responsibilities as SARO Chief include setting DEA's SARO policy in conformance with law, regulations, and U.S. Department of Justice policy; overseeing the processing of all FOIA/PA requests in conformance with that policy; reviewing SARO responses to FOIA/PA requests; and signing final correspondence concerning those FOIA/PA requests.

2. Before becoming the Chief of SARO, I was a Supervisory FOIA Specialist at the DEA for six (6) years. Before that, for about nine (9) years, I was a DEA FOIA Specialist.

3. The statements I make in this Declaration are made on the basis of my review and

1

analysis of the file in this case, of my own personal knowledge, or of information acquired by me

through the performance of my official duties.

    4. By letter dated May 4, 2004, plaintiff contacted the DEA requesting records "generated

by the DEA and/or under agency control pursuant to 5 U.S.C. §552(a)(3)(A)." His letter

described the records he was requesting as follows.

> I request a copy of all documents indexed under No. 3049901 of the Narcotics and
> Dangerous Drug Information System (NADDIS). I am only requesting
> information that is already public information or was required to be made public
> in public trials conducted on December 7-10, 1997, in the Northern District of
> Florida styled as <u>United States v. Marino</u>, case no. 3:97cr84-001-RV and in June,
> 1998, in the Eastern District of New York styled as <u>United Stated [sic] v. Pastor
> Parafan-Homen</u>.

SARO assigned number 04-1449-F to plaintiff's request. Plaintiff's request is attached as

Exhibit A.

    5. DEA responded to plaintiff's request by letter dated May 11, 2004. That letter asked

plaintiff to provide his complete name, and his date and place of birth. The May 11, 2004 letter

is attached as Exhibit B, and the Certification of Identity form (DOJ-361) which plaintiff

provided is attached as Exhibit C.

    6. DEA's review of plaintiff's Certification of Identity revealed that NADDIS number

3049901 is not assigned to plaintiff. Thus, the DEA interpreted plaintiff's FOIA request as his

seeking criminal investigatory records concerning a third party.

    7. DEA's next correspondence with plaintiff advised him that his FOIA request pertaining

to another individual will not be processed. In accordance with law and Department of Justice

regulations, the letter advised plaintiff that the DEA's response neither confirmed nor denied the

existence of any requested records. Before the DEA can begin processing plaintiff's request, the

letter stated, it will be necessary for plaintiff to provide either proof of death or an original

notarized authorization (privacy waiver) for NADDIS #3049901. The letter also stated that the

DEA will conduct a record search upon the receipt of that material. The correspondence advised

plaintiff that this material is a prerequisite to any release as, without the material, confirming the

existence of law enforcement records or information about another person is considered an

unwarranted invasion of personal privacy. The letter also informed plaintiff that law

enforcement records or information about a third party are exempt from disclosure pursuant to

FOIA exemptions (b)(6) and/or (b)(7)(C). The letter advised plaintiff of his appeal rights. The

correspondence is attached as Exhibit D.

8. By letter dated August 9, 2004, plaintiff contacted the U.S. Department of Justice's

Office of Information and Privacy (OIP) for the apparent purpose of administratively appealing

the DEA's refusal to process his request. His letter, purporting to cite the Justice Department

FOIA Reference Guide dated November 2003, argued that no privacy interest will be invaded by

the disclosure of information "put in the public domain in a public trial." His letter concluded,

"[P]lease reconsider the denial and release any information requested that was already public or

required to be made public." Plaintiff's August 9, 2004 letter is attached as Exhibit E.

9. The OIP acknowledged receipt of plaintiff's correspondence by letter dated August 20,

2004, and assigned it number 04-2667. OIP's letter is attached as Exhibit F.

10. OIP's response letter is dated January 18, 2005 and is attached as Exhibit G. That

letter affirmed the DEA's action in refusing to confirm or deny the existence of the records

plaintiff requested. The letter, citing FOIA exemption (b)(7)(C), stated that, without an

individual's consent, proof of death, official acknowledgment of an investigation, or an

3

overriding public interest, confirming or denying the existence of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. The letter also cited exemption (b)(2) as the basis for the withholding.

11. The DEA's mission includes enforcing the controlled substances laws and regulations of the United States. This involves conducting criminal investigations to assist prosecutions of organizations and principal members of organizations involved in the growing, manufacture, or distribution of controlled substances appearing in or destined for illicit traffic in the United States.

12. The DEA's criminal law enforcement investigative records are reasonably likely to be found in the DEA's Investigative Reporting and Filing System (IRFS), JUSTICE/DEA-008, a Privacy Act System of Records. The DEA's Narcotics and Dangerous Drugs Information System (NADDIS) is a means by which the DEA retrieves investigative reports and information from IRFS.

13. By regulation, JUSTICE/DEA-008 is exempt pursuant to the provisions of 5 U.S.C. §552a(j)(2) from subsections (c)(3) and (4); (d)(1), (2), (3), and (4); (e)(1), (2), and (3), (e)(5), (e)(8); and (g) of the Privacy Act. It is also exempt pursuant to the provisions of 5 U.S.C. §552a(k)(1) from subsections (c)(3); (d)(1), (2), (3), and (4); and (e)(1) of the Privacy Act. 28 C.F.R. §16.98(c).

14. The DEA's IRFS is not indexed, as plaintiff's FOIA request sought, by a court's case file number, by information that is public information, or by information that was required to be made public in public trials.

15. According to the Privacy Act, records contained in a Privacy Act System of Records

4

may be disclosed pursuant to a written request by, or with the prior written consent of, the individual to whom the records pertain. Subsections 552a(b)(1) through (12) list exceptions to these conditions which include when the FOIA requires disclosure and when a court of competent jurisdiction orders disclosure. Neither these conditions for disclosure nor their exceptions exist in this case.

16. FOIA exemption (b)(7)(C) provides that law enforcement information may be withheld from a requester under FOIA "to the extent that the production of such law enforcement records or information ... (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy ...." Information revealing that a particular individual is suspected of or has been investigated for involvement in criminal activity is information of a personal nature protected by FOIA exemption (b)(7)(C).

17. Providing information under FOIA regarding the existence or non-existence of law enforcement investigative records concerning a third party is reasonably likely to infringe on the third party's privacy. The fact that criminal investigative information regarding a third party may have already been disclosed does not necessarily diminish the third party's privacy interest in not having other records disclosed, and prior disclosure of law enforcement investigative records does not necessarily eliminate the privacy interest in avoiding further disclosure by the government.

18. The government's confirmation pursuant to a FOIA request that it possesses law enforcement investigative records concerning a third party and/or the government's disclosure of law enforcement investigative records concerning a third party may damage the third party's reputation, may engender comment and speculation, may carry a stigmatizing connotation, and,

therefore, may reasonably be expected to invade the third party's personal privacy.

19. When the DEA received plaintiff's request for third party law enforcement investigative records, the DEA asked him for proof of the third party's consent or a certificate showing that the third party is deceased. Plaintiff provided neither. The DEA neither confirmed nor denied the existence of the records requested. This "*Glomar*" response protects third parties' privacy interests and does not mislead requesters.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/04/06  .

Katherine L. Myrick
Chief
Operations Unit
Freedom of Information/Records
Management Section
Drug Enforcement Administration

6

# EXHIBIT A



May 04, 2004


Carlos Marino
Reg. No. 53008-004
PMB 1000
Talladega, AL 35160-8799

Freedom of Information Act
Operations Unit
Drug Enforcement Administration
Washington, DC 20537

Attn: FOIA/PA Unit

Dear FOIA Information Officer

    This letter constitutes a request for records generated
by the DEA and/or under agency control pursuant to 5 U.S.C.
§ 552(a)(3)(A).

    Specifically, I request a copy of all documents indexed
under No. 3049901 of the Narcotics and Dangerous Drug
Information System (NADDIS). I am only requesting
information that is already public information or was
required to be made public in public trials conducted on
December 7-10, 1997, in the Northern District of Florida
styled as <u>United States v. Marino</u>, case no. 3:97cr84-001-RV
and in June, 1998, in the Eastern District of New York
styled as <u>United Stated v. Pastor Parafan-Homen</u>.

    I will pay reasonable fees for search and duplication
for non-commercial use pursuant to 5 U.S.C. § 552(a)(4)(A)
(ii)(III).

    If any exemptions are claimed under section (b) as to
any portion of these documents please state what they are
and why they are being claimed. If any documents indexed
under NADDIS No. 3049901 or portions thereof are withheld or
redacted because of statutory exemptions, please forward to
me the segregable portion of the document after deletion of
the portion which are exempt under section (b).

    I will expect a response to this request within 20
working days pursuant to 5 U.S.C. § 552(a)(6)(A)(i).

                              Sincerely yours,

                              Carlos Marino

# EXHIBIT B

**U. S. Department of Justice**

Drug Enforcement Administration

---

*www.dea.gov*

Washington, D.C.  20537

MAY 1 1 2004

Mr. Carlos Marino
Reg. No. 53008-004
FCI Talledega
PMB 1000
Talladega, Alabama  35160

Dear Mr. Marino:

    Your recent correspondence seeking information from the Drug Enforcement Administration (DEA) has been received.  The paragraph checked below apply:

[ X ]   To ensure an accurate search of DEA's records, an individual's complete name and date and place of birth must be furnished.  A form is enclosed to assist you in complying with this requirement.

[ X ]   Before DEA can begin processing your request, it will be necessary for you to submit your original **notarized** signature.  This procedure is designed to ensure that information pertaining to an individual is released only to that person.  A form is enclosed to assist you in complying with this requirement.

    Please mail your response to this letter to the following address:

        Drug Enforcement Administration
        FOI/Records Management Section
        Washington, D.C.  20537

        Sincerely,

        Katherine Myrick

        Katherine L. Myrick
        Chief, Operations Unit
        FOI/Records Management Section

# EXHIBIT C

**U.S. Department of Justice**                        **Certification of Identity**                        

---

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____CAeLoS  MARiNO_____

Current Address _____PMB 1000  TAlIADEGA  ALA.  35160_____

Date of Birth _____3-25-54_____

Place of Birth _____COLOMBIA_____

Social Security Number [2] _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3] _____          Date _____5-28-04_____

_____konna  Keunoay_____ :: COMMISSION EXPIRES FEB. 27, 20

### Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/98

FORM DOJ-361
FEB. 95

# EXHIBIT D

**U.S. Department of Justice**

Drug Enforcement Administration

---

Request Number:    04-1449-F

Subject of Request:    INFORMATION ON A THIRD PARTY – NADDIS #3049901

Carlos Marino
FCI Talladega
PMB 1000
Talladega, AL 35160

Dear Mr. Marino:

Your Freedom of Information Act request pertaining to another individual has been received and will not be processed by the Drug Enforcement Administration. This response neither confirms nor denies the existence of any requested records. Before the DEA can begin processing your request, it will be necessary for you to provide either proof of death or an original notarized authorization (privacy waiver) for NADDIS #3049901.

Proof of death can be a copy of a notarized death certificate, obituary, or a recognized reference source. Waivers of personal privacy must be notarized, must specifically identify the person waiving privacy (including full name, date and place of birth, social security number and present address), and must be specifically directed to the DEA -- permitting the DEA to release personal information (about the person executing the waiver) from its files. The waiver should be dated within a reasonable time period preceding the request, and the original copy of the waiver must be provided to the DEA.

If you submit either a copy of the proof of death or an original notarized authorization directly to the DEA, we will conduct a search of our records. In addition, to ensure an accurate search of our records, please provide your subject's complete name, date and place of birth, and social security number if you have not already done so.

Without proof of death or an original notarized authorization, to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records would be exempt from disclosure pursuant to Exemptions (b)6 and/or (b)7(C) of the Freedom of Information Act (FOIA), Title 5 U.S.C. Section 552.

If you wish to appeal this response, you may do so within 60 days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal".

Co-Director
Office of Information and Privacy
FLAG Building, Suite 570
Washington, D.C. 20530

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

# EXHIBIT E

August 9, 2004

Carlos Marino
Reg. No. 53008-004
PMB 1000
Talladega, AL 35160-8799

OFFICE OF INFORMATION
AND PRIVACY

Co-Director
Office of Information and Privacy
FLAG Building, Suite 570
Washington, D.C. 20530

AUG 1 6 2004

**RECEIVED**

RE:  Administrative Appeal of the denial of the request for
     documents indexed under NADDIS #3049901 pursuant to
     Exemptions (b)(6) and/or (b)(7)(C) of the Freedom of
     Information Act (FOIA), Title 5 U.S.C. § 552;
     Request No. 1449-F

Dear Co-Director FOIA Appeals:

     This letter constitutes an administrative appeal of the

refusal to process a request for records indexed under NADDIS

#3049901, dated July 13, 2004, until proof of death or an

original notarized privacy waiver is provided.  The letter-denial

stated that without proof of death or an original notarized

authorization, to confirm the existence of law enforcement

records or information about another person is considered an

invasion of personal privacy, and such records would be exempt

from disclosure pursuant to Exemption (b)6 and/or (b)(7)(C).


     Page four of the Department of Justice Freedom of

Information Act Reference Guide, November 2003, states that

information about a living person can be released without that

person's consent "when no privacy interest would be invaded by

disclosing the information, when the information is already

public or required to be made public or when there is such a

strong public interest in the disclosure that it overrides the

individual's privacy interest." Furthermore, the authority
interpreting the exemption claimed requires disclosures of any
information actually revealed in public. See Parker v.
Department of Justice, 934 F.2d 375, 379-80 (D.C. Cir. 1991).

In my administrative request I specifically stated that I am
only requesting information that was already put in the public
domain in a public trial conducted in June, 1998, in the Eastern
District of New York, styled as United States v. Pastor Parafan-
Homen, case no. 3:97cr84-001-RV. Since the information requested
was already made public, no privacy interest would be invaded by
disclosing the information. Therefore, the failure to process
the request without a death certificate or waiver was
unreasonable. Accordingly, please reconsider the denial and
release any information requested that was already public or
required to be made public.

Sincerely yours,

Carlos Marino

# EXHIBIT F



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*           *Washington, D.C. 20530*

AUG 2 0 2004

Mr. Carlos Marino                            $A - 155 - 2004$
Register No. 53008-004
Federal Correctional Institution
PMB 1000
Talladega, AL  35160-8799

     Re:    Request No. 04-1449-F

Dear Mr. Marino:

     This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration on your request for information from the files of the Department of Justice was received by this Office on August 16, 2004.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **04-2667**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

              Sincerely,

              Priscilla Jones
              Administrative Specialist

APPEALS SHELF
04-1449-F
CARLOS MARINO
A-155-2004 / 04-2667 / 08-25-2004
ANGELA HILLIARD



# EXHIBIT G



**U.S. Depart. of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**JAN 1 8 2005**

Mr. Carlos Marino
Register No. 53008-004
Federal Correctional Institution    Re:   Appeal No. 04-2667
Post Office Box 1000                      Request No. 04-1449-F
Talladega, AL 35160-8799                  RLH:EJS

Dear Mr. Marino:

     You appealed from the action of the Drug Enforcement
Administration on your request for access to records
concerning all documents indexed under NADDIS No. 3049901 that
were made public at your trial.

     After carefully considering your appeal, I have decided
to affirm the action of the DEA in refusing to confirm or deny
the existence of the records you requested.  Without an
individual's consent, proof of death, official acknowledgment
of an investigation, or an overriding public interest,
confirming or denying the existence of law enforcement records
concerning an individual could reasonably be expected to
constitute an unwarranted invasion of personal privacy.
5 U.S.C. § 552(b)(7)(C).

     The DEA also withheld this information under the Freedom
of Information Act pursuant to 5 U.S.C. § 552(b)(2), which
concerns matters that are related solely to internal agency
practices.  I have determined that this information is not
appropriate for discretionary release.

     If you are dissatisfied with my action on your appeal,
you may seek judicial review in accordance with 5 U.S.C.
§ 552(a)(4)(B).

                         Sincerely,



                         Richard L. Huff
                         Co-Director

