**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CARLOS MARINO,                    ]
                                  ]
         Plaintiff/Requester ]
                                  ]
vs.                               ]    C.A. No.06-1255 (RMU)
                                  ]
DRUG ENFORCEMENT                  ]
ADMINISTRATION,                   ]
                                  ]
         Defendant.               ]

**PLAINTIFF'S OPPOSITIION TO DEFENDNT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff/Requester Carlos Marino ("Marino"), by and through counsel, and hereby respectfully files this cross-motion for summary judgment in opposition to defendant's motion for summary judgment, and in support thereof states as follows:

Plaintiff relies on the accompanying Memorandum of Points and Authorities and his Affidavit and the Exhibits attached thereto.  Under Federal Rules of Civil Procedure 56, a motion for summary judgment shall be granted if the pleadings, deposition, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitle to

judgment as a matter of law. <u>See Anderson v. Liberty Lobby,
Inc.</u>, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the
"evidence of the non-movant is to be believed, and all
justifiable, inferences are to be drawn in his favor." <u>Id</u>. at
255. Marino shows in the annexed Memorandum of Law and
Procedure that there exists genuine issues as to material
facts, and mere Fact that the defendant ("DEA") moved for
summary judgement does not assure that there is no issue as
to material facts.

## CONCLUSION

For the foregoing reasons, defendant's Motion for
Summary Judgment should be denied and plaintiff's Cross-
Motion for Summary Judgment should be granted

                    Respectfully submitted,


           _____/s/_____
           Brian W. Shaughnessy, DCN 8946
           913 M. Street, NW, Suite 101
           Washington, DC 2001
           (202) 842-1799

           Attorney for Carlos Marino,
           Plaintiff/Requester

2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of March, 2007, a copy of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgement was mailed, first class postage Prepaid, to the Attorney of defendant:

John F. Henault
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530


/s/
_____
Brian W. Shaughnessy

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


CARLOS MARINO,                    ]
                                  ]
          Plaintiff/Requester ]
                                  ]
vs.                               ]    C.A. No.06-1255 (RMU)
                                  ]
DRUG ENFORCEMENT                  ]
ADMINISTRATION,                   ]
                                  ]
          Defendant.              ]


**PLAINTIFF'S MEMORANDUM OF LAW AND PROCEDURE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff/Requester Carlos Marino ("Marino"), by and through his counsel, and hereby respectfully files his Memorandum of Law And Procedure in Support of His Opposition To Defendant's Motion For Summary Judgment And Plaintiff's Cross-Motion for Summary Judgment. In support thereof plaintiff states as follows:


A.    ANALYSIS

FOIA reflects "a general philosophy of full agency disclosure", Dept.of Air Force v. Rose, 425 U.S. 352,360-361 (1976, in order to "facilitate public access to Government documents." United States Dep't of State v. Ray, 502 U.S. 164, 173 (1991) (citing John Doe Agency v. John Doe Corp.,

493 U.S.146, 151 (1989). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. Id. at 361. The Act "requires agencies to comply with requests to make their records available to the public, unless the requested records fall within one or more of nine categories of exempt material." Oglesby v. U.S. Dept. of Army, 79 F3d 1172, 1176 (D.C.Cir.1996) (citing 5 U.S.C. §552(a),(b)).

In this memorandum in opposition to the DEA's memorandum in support of Summary judgment, Marino challenges the adequacy of DEA's answer and manner of search for material responsive to his FOIA request, as well as of DEA's withholdings under FOIA exceptions (b) (6) and/or (b) (7) (C), Title 5 U.S.C. §552.

B.  THE DEA'S MOTION FOR SUMMARY JUDGMENT IS IN DEFAULT

On November 14, 2006, Marino sent an inquiry to the Clerk's office about the status of his case. The Clerk's office sent Marino a copy of this case's docket sheet. The docket sheet shows that the DEA had filed in court on October 5, 2006 Document 5 consisting of: Motion for Summary Judgment, with attachments

#1 Affidavit of Katherine Myrick's Declaration, and # 2 Text of Proposed Order.

2

The pleadings filed in court by DEA are in default because: (1) DEA failed to serve upon Marino and/or his counsel copies of these pleadings; and (b) after acquiring thru his own efforts copies of said pleadings, Marino learned that the DEA's pleadings fail to comply with Fed.R.Civ.P. 5, which mandate that "[a]ll papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service." Fed.R.Civ.P.5(d). See DIRECTV. Inc. v. Trone, 209 FDR (CA9 2002)(Defendants violated Fed.R.Civ.P.5(a) When they did not serve their discovery request on all parties or even on corporation's local counsel). Hence, because the DEA's pleading (Doc.5) fails to comply with Fed.R.Civ.P.5, and lacks of a Certificate of Service, and it failed to serve a Copy of its pleadings on all parties or even on Marino's counsel, said pleadings are in default and should be denied as a matter of law. See Evans v. Port Auth.,246 F. Supp.2d 343 (SD NY 2003)(Where plaintiff submitted motion for new trial that was not accompanied by proof of service as required by Fed.R.Civ.P.5(a), (d), ....motion for new trial was properly denied).

3

c.  <u>ADEQUACY OF SEARCH</u>

FOIA requires and agency responding to a FOIA request to conduct a reasonable search using methods which can be reasonably expected to produce the information requested. <u>Campbell v. United Stated Dep't of Justice</u>, 164 F. 3d 20, 27 (D.C.Cir.1998). The Burden of proof is on the agency to show that its search was reasonably calculated to uncover all relevant documents. <u>Steinberg v. U.S. Dep't of Justice</u>, 23 F3d 548, 5541 (D.C.Cir.1994)

Here, DEA submitted the declaration of Katherine Myrick, the Chief of the Drug Enforcement Administration's (DEA)Freedom of Information/Records Management Section, Operations Unit (SARO), who explains her various duties, Decl. pg.1 ¶1, and who explains the procedure by which the responsive request for documents are handled. According to Marwick, Marino's request for documents under FOIA pertaining to another individual will not processed. Decl. Pg.2¶2 Myrick's declaration further states that Marino's request of documents are exempt from disclosure pursuant to FOIA exemptions (b)(6)and/Or (b)(7)(C) Decl.pg.3 ¶¶ 7,10. And, because Marino did not provide proof of third party's consent or a certificate showing that the third party is deceased,

4

the DEA will "neither confirm nor deny the existence of the records requested." Decl. Pg.6 ¶19. Myrick also explained that this "Glomar" response protects third parties' privacy interests and does not mislead requesters.Decl.pg.6, ¶19.

Marino specifically challenges the adequacy of DEA's search and manner in which the DEA's  so lightly disposes of Marino's legitimate FOIA request, and how it easily avails to itself the "Glomar" excuse to deny its obligation of disclosure.  Marino's request pertains to records of a cooperating informant ("CI") whose NADDIS No. "3049901", was learned by Marino, but only after his criminal trial ended. This cooperating informant is well known in the Government's environment and its branch's archive, the DEA, as:"Jose Evereth Lopez; Jose E. Lopez; Evereth E. Lopez; aka Chuleta, Marcus, Marcos, etc.

The DEA does not deny that this CI has publicly testified in various open trials, and that he personally intervened on the DEA's behalf as a key witness and informant to secure the conviction of Marino, as well as other Latinos and mostly Colombians. Hence, DEA's excuse not to search and provide records, under the general umbrella of FOIA exemptions (b)(6) and/or (b)(7)(C) is misplaced, overused,

and highly prejudicial. Marino has established a sufficient predicate to justify search for a particular type of records, in which CI Lopez has participated publicly in, and Marino has requested information on Lope's participation in Marino's case as well as in other cases in which Lopez has testified in court. See Campbell, 164 F3d at 28.

Marino clearly shows in his Complaint (Doc.1), instances where the Government (DOJ) and its branch DEA intervened in Lopez's behalf, more times than DEA can account for, and how Lopez received benefits from the DOJ and DEA to determine the necessity to search for such requested records. However, and in spite of this overwhelming evidence that tilts the balance of disclosure in Marino's favor, DEA remains obscure as to its intent to disclose such a requested records. Myrick does not explain or dispute the inconsistency between her statements and the information Marino provided. Consequently, DEA has not met its burden of proving that its search for these records is Exempted via (b)(6) and/ or (b)(7)(C).

    D.  GOVERNMENT AND DEA'S WITHHOLDING UNDER FOIA EXEMPTIONS

Based on Myrick's declaration, the DEA's motion for summary judgment stated that third party records [cooperating

6

informant Lopez, NADDIS 3049901] were withheld in their
entirety under exemptions (b) (6) and/or (b)(7)(C),because
disclosure would infringe on the third party's privacy.
Decl.pg.5 ¶ 17. DEA's Memo.pg.6.

This case is unlike the typical FOIA case, which
generally is brought by a petitioner for general personal
interest purpose only. Here, Marino wishes to unearth DEA's
misconduct in relation to Lopez. If true, and neither the
Government nor the DEA do in any way deny they are not,
Marino's complaint avers that Lopez is a dubious cooperating
informant in DEA's archives, highly remunerated, despite an
extensive criminal record that started as early as in 1985,
frequent perjury, continued criminal enterprise, and specific
targeting of Latinos and Colombian individuals. Consequently,
Marino merely wishes to expose the illegal activities of the
DEA in collusion with its informant Lopez. And, contrary to
the misleading speculation in the DEA's memorandum, Marino is
not seeking information for personal use, or to challenge his
conviction (DEA's Memo.pg.8). Marino gave in his complaint an
extensive account of all facts and events that transpired in
his criminal case as well as in other criminal cases in which
Lopez was the star figure of fraud, deceit and perjury, this,

7

for the purpose to inform the court of Lopez and the DEA'
background & their relationship to misconduct, so this Court
can have a complete understanding of the reasons for
disclosure in Marino's FOIA request.

Marino argues that withholding of Lopez's records,
whether under his own name, under his various fictitious
names, under NADDIS 3049901, or under any other NADDIS number
(s), was improper, because albeit there is a privacy
section in the FOIA, E.G.,(B)(6) and/or(b)(7)(C) against
disclosing criminal records, here, such exemptions are
inapplicable because the privacy interest is outweighed by
the great public interest in shedding light on the activities
of DEA, a government's branch financed with the public's
money, which employed Lopez and grant his extensive personal
favors and remuneration, despite his extensive criminal
history, at the public's expense.

The Supreme Court has held that there is very high
privacy interest in compilations of criminal records. United
States Dep't of Justice v. Reporters Comm. For Freedom of
Press, 489 U.S. 749, 780 (1989). However, the Supreme Court
also affirmed that "the FOIA's central purpose is to ensure

8

that the Government's activities be opened to the sharp eye of public scrutiny....[and o]fficial information that sheds light on an agency's performance of its statutory purpose." Id. at 773-744. More importantly, the "basic purpose of FOIA is to ensure and informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S.214 242 (1978).

This Court has reached a middle ground with respect to conflicts between the public and private interests.  The Court of Appeals held that when the government misconduct is alleged to justify disclosure, the public interest is insubstantial without compelling evidence that the agency is involved in illegal activity, and that the information sought is necessary to confirm or refute that evidence. Quinon v. FBI,86 F3d 1222, 1231 (D.C.Cir. 1996). Additionally, a number of courts have held that official wrongdoing deprive an individual of the fully privacy protection which might otherwise be afforded under FOIA exemptions protecting personal privacy. See Lissner v. United States Customs

9

Service, 241 F3d 1220 (CA9 2001) (holding disclosure under
the FOIA required and exemption under 7 (C) not met where
circumstances suggested that customs officials improperly
gave police officers preferential treatment because of their
status); Common Cause v. National Archives and Records
Service, 628 F2d 179 (D.C.Cir. 1980) (holding disclosure
under the FOIA required and exemption 7 (C) not met where
FOIA requested sought disclosure of names of candidates and
corporate contributors related to Watergate investigation of
improper corporate  campaign contributors); Columbia Packing
Co. v. United States Dept. of Agriculture, 563 F2d 495 (CA1
1977)(holding disclosure of federal meat inspectors
who were convicted of taking bribes was not a clearly
unwarranted invasion of personal privacy under FOIA and
therefore disclosure was required); Bennett v. D.E.A., 55
F.Supp.2d 36 (D.D.C.1999)(holding disclosure of records of
government payments and the criminal history of a
government informant was not an unwarranted invasion of
personal privacy under the FOIA). Moreover, the D.C. Circuit
Court has held, in the context of FOIA exemption 7 (C), that
disclosure of the names and addresses of private individuals
are exempt from disclosure unless "necessary in order to

10

confirm or refute compelling evidence that the agency is engaged in illegal activity." Safecard Services, Inc. v. S.E.C., 926 F2d 1197, 1206 n.16 (D.C.Cir.1991).

Marino and his counsel have conducted extensive research on the many precedents in which Lopez has perjured himself about his criminal records, and fabricated perjured testimony about others, and the government's obvious initial complaint is very compelling, showing extensive government misconduct, and the information Marino seeks is necessary to confirm whether Marino's findings are backed by the records. Withal, it is obvious for the far-reaching and serious consequences of the activities and collusion of DEA and Lopez that there is a sizable public interest in revealing the wrongdoing in which these two parties may have engaged. This public interest can only be served by the full disclosure of Lopez's record. In various trials, and around the country, Lopez has frequently testified, perjured himself in Marino's case as well as in other cases in which Lopez was the star figure of deceit, perjury, and fraud upon the courts and the public, all orchestrated by DEA. Hence, DEA's withholding of Lopez's record under exemption (b) (6) and/ or (b) (7) (C) was improper.

11

Marino argues that Lopez waived his privacy concerns when he knowingly and intentionally testified in open court about his criminal activities and his relations to other alleged co-conspirators and how he aided to accomplish those criminal enterprises. Lopez is not the common government informant. He made a career out of serving as a government informant and, he received more personal benefits, remuneration's, favors, than the traditional and average informant.  By making his own choice to work as a notorious government informant, and by continuously testifying on his vast activities and earnings in open courts, Lopez engraved his own fate to give up his personal privacy interests to this information.

Given the compelling evidence Marino has uncovered as set forth in chronological detail in his original complaint (Doc.1), a fact-finder will conclude that there is massive government misconduct, and the public interest in disclosure of this information far outweighs any privacy interest Lopez may have.  Consequently, DEA improperly withheld the information requested by Marino from disclosure pursuant to exemptions (b) (6) and/or (b)(7) (C).

12

E.    IN CAMERA INSPECTION

In the alternative, should the Court find that the information sought to obtain by Marino may not be disclosed, Marino suggests for an In Camera Inspection. "The in camera review provision [of FOIA] is discretionary by its terms, and is designed to be invoked when the issue before the [district court] could not be otherwise resolved." National Labor Resolutions Board v. Robbins Tire & Rubber Co., 437 U.S. 214, 224 (1978). However, where the government has been "given the opportunity to establish by means of testimony or detailed affidavits that the documents are clearly exempt from disclosure" in camera inspection can be found "necessary and appropriate" where the exemption does not clearly cover all records at issue. See Quinones v. F.B.I., 86 F3d 1222, 12277 (D.C.Cir.1996)(citing S. Conf.Rep.No.1200, 93d Cong.,2d Sess. 9 (1974), reprinted in 1974 U.S.C.C.A.N. 6267, 6287). Courts consistently recognized that in camera review is appropriate where "agency affidavits are insufficiently detailed to permit meaningful review of exemption claims." Quinon, 86 F3d at 1228 (citations omitted) Additionally, "when the dispute turns on the contents of the withheld documents, and not the

13

parties' interpretations of those documents, in camera review may be more appropriate." Id.(citations omitted).

In light of the fact that the information requested by Marino was supposed to be release to him by the government, when he filed his Brady motion during his criminal procedure, but the government's misconduct managed to get away without disclosure, the fact that Lopez publicly testified in open courts throughout the nation exposing himself as an actor of deceit, fraud and perjury with fore-knowledge of the DEA, and the records submitted by the parties, the Court will find that, in the alternative, an in camera inspection would be necessary, and in fair and just judgment the Court should order the DEA to provide such information to Marino and of any portion of any document that will shed light on the activities of Lopez.

CONCLUSION

Based upon foregoing, Defendant's Motion for Summary Judgment should be denied and plaintiff Marino's motion for summary judgment should be granted, because DEA has not met its burden of proving that its search was reasonable with respect to locating records of Lopez under NADDIS No. 304991,

14

and/or under his other various names and/or assigned NADDIS

numbers.  DEA has also failed to adequately justify its

withholding under its cited exemptions b) (6) and/or

(b)(7)(C) of Lopez's records.  In the alternative, Marino

asks the Court to conduct an in camera review of the records

and order DEA the release of the portions the Court deems

appropriate. The DEA's motion for summary judgment should be

denied.  Marino also prays for any other relief the Court

deems just and proper in the interest of justice and

equitable application of the law.


                              Respectfully submitted,


                              _____
                              Brian W. Shaughnessy, DCN 89946
                              913 M Street, NW, Suite 101
                              Washington, DC 2001
                              (202) 842-1700

                              Attorney for Plaintiff

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 28th day of March, 2007, a
copy of Plaintiff's Opposition to Defendant's Motion for
Summary Judgment and Plaintiff's Cross -Motion for
Summary Judgment was mailed, first class postage prepaid, to
the attorney for Defendants:
     John F. Henault
     Assistant United States Attorney
     Civil Division
     555 4th Street, N.W.
     Washington, D.C. 20530

     _____/s/_____
     Brian W. Shaughnessy

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CARLOS MARINO,                     ]
                                   ]
          Plaintiff/Requester ]
                                   ]
vs.                                ]    C.A. No.06-1255 (RMU)
                                   ]
DRUG ENFORCEMENT                   ]
ADMINISTRATION,                    ]
                                   ]
          Defendant.          ]

<u>**AFFIDAVIT OF CARLOS MARINO**</u>

I, CARLOS MARINO, pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, hereby submit this affidavit in support of my motion for Summary Judgment, and declare as follows:

1.   I am the Plaintiff/Requester in this civil action, and competent to testify to the matters stated herein.

2.   I am the defendant in Criminal Case No. 3-97CR-84-RV, and the Movant in Civil Case No. 3:00-CV-160(RV-MCR), both of the Northern District of Florida, Pensacola Division. I was charged by indictment for conspiracy charged with a cooperating informant Jose Evereth Lopez, who testified as a key witness for the government.

3.   By letter dated May 4, 2004, I contacted the DEA requesting records generated by the DEA and/or under agency control pursuant to 5 U.S.C.$ 552(a)(3)(A)." My letter

described the records I petitioned DEA as follows:
Specifically, I request a copy of all documents indexed under
No. 3049901 of Narcotics and Dangerous Drug Information
System (NADDIS). I am only requesting information that is
already public information or was required to be made public
in public trials conducted on December 7-10,1997, in the
Northern District of Florida styled as United Stated v.
Marino, case no.3:97cr84-001-RV and in June, 1998, in the
Eastern District of New York styled as United Stated v.
Pastor Parafan Homen.

4.    SARO assigned number 04-1449-F to Marino's request. My
request is attached to Declaration of Katherine L. Myrick as
Exhibit A. That exhibit is part of Exhibits A through Z and
Exhibits AA through XX attached hereto, which I adopt by
reference herein as authentic copies of dcuments gathered by
me during my FOIA request.

5.    DEA responded to my request by letter dated May 11,
2004. That letter asked me to provide my complete name, and
my date and place of birth. The May 11, 2004 letter is
attached as Exhibit B to Myrick's declaration, and the
Certification of Identity form (Doh-31) which I provided is
attached as Exhibit C to Myrick's declaration.

2

6.   The next DEA's undated correspondence with me was to advise that my FOIA request pertaining to another individual will not be processed. This letter further stated that the DEA's response neither confirmed nor denied the existence of any requested records, and that it will be necessary that I provide either proof of death or an original notarized authorization(privacy waiver) for NADDIS #3049901.  That the DEA will conduct a record search upon the receipt of that material, and that without the material, law enforcement records or information about a third party are exempt from disclosure pursuant to FOIA exemptions (b)(6) and/or (b)(7)(C). The letter is attached as Exhibit D. in Myrick's declaration.

7.   On August 9, 2004, I appealed to the U.S. Department of Justice's Office of Information and Privacy (OIP), in which I stated that the information requested was already public or required to be made public, and that no privacy interest will be invaded by the disclosure of information.  My letter is attached as Exhibit E to Myrick's declaration.

8.   On August 20, 2004, the OIP acknowledge receipt of my letter of August 9, 2004, and assigned it number 04-2667. OIP's response letter dated January 18, 2005, affirmed the

3

9.    DEA's  action  in  refusing  to  confirm  or  deny  the existence of

10. the  records  I  requested.   The  letter,  citing  FOIA exemption  (b)(7)(C),  stated  that,  without  an  individual's consent,  proof  of  death,  official  acknowledge  of  an investigation,  or  an  overriding  public  interest,  confirming or  denying  the  existence  of  Law  enforcement  records concerning  an  individual  could  reasonably  be  expected  to constitute  an  unwarranted  invasion  of  personal  privacy. OIP's letters  are  attached  as  Exhibits  F  &  G  to  Myrick's declaration.

11.  According to my complaint, and my memorandum of law in support of my motion for summary judgement, the third party exemption is inapplicable here, and DEA waived its right to invoke FOIA's exemption when the person of whom the records and information I requested, testified in open courts as a cooperating informant for the government, and the DEA has not disputed nor denied all the claims and allegations of misconduct that I have presented as facts and evidence in my pleadings related to this case.

       I hereby declare that the foregoing is true and correct to the best of my knowledge and believe and I am competent to testify to the facts showing that there is a genuine issue for trial.

Signed and submitted this 6th day of December, 2006, at Talladega, AL pursuant to Title 28 U.S.C. $ 1746.

/s/
_____
Carlos Marino
#53008-004 (G/B)
FCI Talladega
PMB 1000
                    Talladega, AL 35160

**5**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Carlos Marino

         **CASE NO.: 06-1255 (RMU)**
Plaintiff,         **Judge Ricardo Urbina**

        v.

DRUG ENFORCEMENT

ADMINISTRATION,

Defendant.

### ORDER

Upon consideration of plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment and the entire record herein, it is hereby

ORDERED, this ___ day of March 2007, that Defendant's Motion for Summary Judgment is hereby DENIED and

Plaintiff's Cross-Motion for Summary Judgment is GRANTED.

_____
JUDGE

Copies to:

John F. Henault         Brian W. Shaughnessy,
Assistant United States Attorney  913 M Street, N.W.

Civil Division                          Suite 101
555 4th St., N.W.                   Washington, D.C.  20001
Washington, D.C. 20530                   (202) 842-1700
(202) 307-1249