**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CARLOS MARINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | No. 06-1255 (RMU) |
| ) | |
| DRUG ENFORCEMENT ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR**
**RECONSIDERATION AND MOTION FOR AN EXTENSION**

Plaintiff's motion for reconsideration fails to meet the well-established standard for a Court to reconsider a prior opinion. In fact, the ***only*** justification the motion presents is that plaintiff's counsel lost his draft of the opposition in his office and was not sure what to do. Such an excuse hardly meets the exacting standard necessary to justify a motion for reconsideration. Accordingly, this Court should deny plaintiff's motion.

**PROCEDURAL HISTORY**

On July 12, 2006, plaintiff, through counsel, filed this FOIA action against the Drug Enforcement Administration seeking records of a third-party. On October 5, 2006, the DEA moved for summary judgment. Accordingly, pursuant to the Local Rules, plaintiff's opposition was due on October 19, 2006.

On November 27, 2006, more than one month after the due date for plaintiff to respond to the motion for summary judgment, plaintiff filed a motion for an extension of time. In this motion, plaintiff explained that "[p]laintiff's counsel failed to calendar the time for filing his opposition and did not realize the time for filing had lapsed." Docket Entry # 6 (Nov. 27, 2006). Plaintiff requested that the time for him to respond to defendant's motion be extended until

December 5, 2006. On November 28, 2006, this Court granted plaintiff's motion. See Nov. 28, 2006 Minute Order.

On December 6, 2006, one day after plaintiff's opposition was due, plaintiff again moved to extend the deadline to respond to defendant's motion. Docket Entry # 7 (Dec. 6, 2006). This Court granted plaintiff's motion and extended the deadline for plaintiff to respond to defendant's motion until December 29, 2006. See Dec. 6, 2006 Minute Order. On December 29, 2006, plaintiff requested, and this Court granted, a third extension to respond to defendant's motion, and extended the time for plaintiff to file an opposition to defendant's motion until January 8, 2007.

On January 8, 2007, the due date for plaintiff to respond to defendant's motion, plaintiff failed to file an opposition and failed to request another extension of time to respond to the motion. Given plaintiff's failure to request and extension or file an opposition, on March 16, 2007, this Court granted defendant's motion for summary judgment.

On April 5, 2007, plaintiff filed a motion for reconsideration of this Court's March 16, 2007 Order.[1] In this motion, and contrary to the record in this action, plaintiff stated that he had received one prior extension in this matter. Motion for Recon. p. 1. Plaintiff offered as an excuse for failing to file an opposition that "Plaintiff's counsel had intended to file his Opposition and Cross Motion, but the draft became lost in his office," that plaintiff's counsel had delays in communicating with his incarcerated client, and that "Plaintiff's counsel was not sure what to do and put off filing because of that." Motion for Recon. p. 1.

---

[1] Prior to April 5, plaintiff attempted to file his motion on several occasions, but each was rejected by the Court. Thus, the actual filing of the motion was outside the ten day limitation set forth in Federal Rule of Civil Procedure 59(e).

On April 5, 2007, Plaintiff also filed a motion for leave to file out of time. Plaintiff's motion for leave to file out of time failed to comply with Local Civil Rule 7(m). This motion failed to set forth any justifications for his need to file out of time.

### ARGUMENT

**I.    STANDARD OF REVIEW**

Although plaintiff fails to specify under which Federal Rule of Civil Procedure he is seeking reconsideration, defendant presumes for the purposes of this motion that plaintiff seeks reconsideration pursuant to Federal Rule of Civil Procedure 59, because plaintiff attempted to file his motion for reconsideration within the ten day limitations period set forth in the Rule.[2]

A motion for reconsideration should be granted ***only*** if the court "finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations omitted). While a Court has broad discretion in ruling on a motion for reconsideration, "the reconsideration and amendment of a previous order is an extraordinary measure." Zhu v. United States, No. 04-1216 (RMC), 2006 WL 13240, *1 (D.D.C. Jan. 3, 2006) (quoting Zyko v. Dep't of Defense, 180 F. Supp. 2d 89, 91 (D.D.C. 2001)); Mobley v. Continental Cas. Co., 405 F. Supp. 2d 42, 45 (D.D.C. 2005). Moreover, "a motion for reconsideration has a limited purpose. It is not a tool to simply re-litigate issues that the Court has already decided." Zhu, 2006 WL 13240, *1. In other words, the moving party must show

---

[2] Although plaintiff attempted to file his motion within the ten day period, the motion was not filed until well outside of the ten day period. As explained herein, plaintiff is unable to meet the standard for reconsideration pursuant to Rule 59. Thus, to the extent that the more strict test of Rule 60 applies rather than Rule 59, plaintiff cannot show he is entitled to relief under Rule 60.

3

"new facts or clear errors of law which compel the court to change its prior position." Nat'l Ctr. for Mfg. Sciences v. Dep't of Def., 199 F.3d 507, 511 (D.C. Cir. 2000) (citation omitted).

## II.   PLAINTIFF'S JUSTIFICATION IS NOT SUFFICIENT TO GRANT A MOTION FOR RECONSIDERATION

There is no doubt that plaintiff failed to file an opposition to defendant's motion and failed to request an extension of time to do so. Accordingly, plaintiff must show "excusable neglect." See Fed. R. Civ. P. 6(b)(2) (authorizing a Court "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect"). See also Wilson v. Prudential Financial, 218 F.R.D. 1, 3 (D.D.C. 2003) ("Accordingly, because the 11-day period for filing an opposition had long since expired, the plaintiff must show excusable neglect to justify the extension.") (Urbina, J.). "To meet the standard for excusable neglect, plaintiff's counsel must show good faith, little or no prejudice to other parties, and 'a reasonable basis for not complying within the specified period.'" Wilson v. Feldman, No. 90-0263 (RCL), 1991 WL 197025, *1 (D.D.C. Sept. 18, 1991) (citing In re Four Seasons Sec. Laws Lit., 493 F.2d 1288, 1290 (10th Cir.1974) & C. Wright & A. Miller, Federal Practice and Procedure § 1165 (1987)).

Plaintiff's excuse for his failure to file an opposition, or request an extension, is that his counsel lost the draft in his office and, because his counsel was not sure what to do, intentionally chose to put off the filing.[3] See Motion for Recon. p. 1. Thus, far from excusable neglect,

---

[3] Although plaintiff's counsel also notes that he had delays in communicating with his client because his client is incarcerated, it is unclear how any communication difficulties contributed to plaintiff's counsel's inability to locate the allegedly misplaced draft in counsel's office or to file a motion for an extension of time based upon this asserted difficulty in communicating. Thus, this excuse is irrelevant to the analysis of plaintiff's motion.

plaintiff's motion for reconsideration shows that his failure to file either an opposition or motion for an extension "[was] not the result of neglect, but [was] intentional." Prudential Financial, 218 F.R.D. at 3. Plaintiff's excuse for failing to file either an opposition or motion for an extension is even more egregious and inexcusable in light of the fact that he previously missed the deadline for doing so on two prior occasions, and was not required to show excusable neglect to receive another bite at the apple. In sum, plaintiff has failed to show excusable neglect and, to the contrary, has evidenced a repeated failure to comply with this Court's Rules that should not be excused.

## CONCLUSION

For the foregoing reasons, this Court should deny plaintiff's motion for reconsideration and motion for an extension of time to file an opposition to defendant's motion for summary judgment.

| | |
|---|---|
| April 17, 2007 | Respectfully submitted, |

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 307-1249
(202) 514-8780 (facsimile)