# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARLOS MARINO, | : | |
| Plaintiff, | : | Civil Action No.: 06-1255 (RMU) |
| v. | : | Re Document Nos.: 12, 16 |
| DRUG ENFORCEMENT ADMINISTRATION, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S FIRST AND SECOND MOTIONS FOR RELIEF UPON RECONSIDERATION

## I. INTRODUCTION

This matter is before the court on the plaintiff's two motions for relief upon reconsideration of the court's prior order granting the defendant's motion for summary judgment as conceded based on the plaintiff's failure to file an opposition. The plaintiff asserts that the court erred in granting the motion as conceded, asserting that even though he did not file an opposition, his complaint and the attachments thereto raised genuine issues of material fact rendering the entry of summary judgment inappropriate. The plaintiff also contends that he should be granted relief from the court's ruling because his failure to oppose the motion was the result of the gross negligence of his counsel for which he does not share culpability. For the reasons discussed below, the court denies the plaintiff's motions.

## II. FACTUAL & PROCEDURAL BACKGROUND

On May 4, 2004, the plaintiff wrote to the Drug Enforcement Agency ("DEA") to request a copy of all investigative documents related to an individual who provided testimonial evidence

against the plaintiff at his earlier criminal trial. Compl. ¶ 11. The plaintiff's request was denied pursuant to Exemption 7(C) of the Freedom of Information Act ("FOIA"), which exempts from disclosure law enforcement records whose disclosure could invade third-party privacy interests. Def.'s Statement of Facts ¶ 3. After exhausting all available administrative remedies, the plaintiff sought judicial review of the DEA's response by commencing this action seeking the disclosure of the requested information. Compl. ¶¶ 13-14. The DEA filed a motion for summary judgment on October 5, 2006. *See generally* Def.'s Mot. for Summ. J. The motion was supported by exhibits and an affidavit from the Chief of the DEA's Records Management Section, Operations Unit that detailed the DEA's justification for non-disclosure. *See* Def.'s Mot. for Summ. J., Decl. of Katherine L. Myrick ("Myrick Decl."), Exs. A-G. Despite obtaining several extensions of time to oppose the defendant's motion, the plaintiff failed to file an opposition. The court granted the DEA's motion for summary judgment as conceded on March 16, 2007. *See* Minute Order (Mar. 16, 2007).

Thereafter, the plaintiff filed multiple motions for relief upon reconsideration and a motion for leave to file out of time, each of which was stricken based on procedural defects. *See* Pl.'s Mot. (Mar. 28, 2007); Pl.'s Mot. (Mar. 29, 2007); Pl.'s Mot. (Apr. 2, 2007). On April 5, 2007, and November 30, 2009, the plaintiff again filed motions for relief upon reconsideration of the order granting summary judgment to the defendant and seeking leave to file an opposition to the defendant's motion. *See generally* Pl.'s Mot. for Recons. (Apr. 5, 2007) ("Pl.'s 1st Mot.");[1] Pl.'s Mot. for Recons. (Nov. 30, 2009) ("Pl.'s 2d Mot."). With these motions now ripe for adjudication, the court turns to the applicable legal standards and the parties' arguments.

---

[1] It appears that the plaintiff's April 5, 2007 motion for relief upon reconsideration was inadvertently administratively terminated shortly after it was filed.

2

## III. ANALYSIS

### A. The Court Denies the Plaintiff's First Motion for Relief Upon Reconsideration

The plaintiff's first motion for relief upon reconsideration requires little discussion, as it plainly fails to comply with the most elementary filing requirements set forth in the court's local civil rules. Local Civil Rule 7(a) provides that "[e]ach motion shall include or be accompanied by a statement of the specific points of law or authority that support the motion." LCvR 7(a). Failure to comply with the Local Civil Rule 7(a) warrants denial of the motion. *See, e.g.*, *Steinbuch v. Cutler*, 463 F. Supp. 2d 4, 8-9 (D.D.C. 2006) (denying the plaintiff's motion to compel discovery for failure to comply with Local Civil Rule 7(a) because the plaintiff failed to provide any memorandum of law or legal authority to support his motion); *Red Lake Band of Chippewa Indians v. U.S. Dep't of Interior*, 624 F. Supp. 2d 1, 26 (D.D.C. 2009) (denying the defendant's motion for summary judgment because the motion did not comply with Local Civil Rule 7(a)). The eight sentences comprising the plaintiff's first motion for relief upon reconsideration are devoid of any citation, reference or allusion to any legal authority supporting his request for relief. *See generally* Pl.'s 1st Mot. Accordingly, the court denies the plaintiff's first motion for relief upon reconsideration.

### B. The Court Denies the Plaintiff's Second Motion for Relief Upon Consideration

#### 1. Legal Standard for Relief Under Federal Rule of Civil Procedure 60(b)

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b). FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986). As relevant here, the court may grant relief in cases in which the judgment is "void." FED. R. CIV. P. 60(b)(4). A judgment may be void if the court lacked personal or subject matter jurisdiction in the case, acted in a manner inconsistent with due process or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated*

*Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999). The court may also grant relief from a judgment for "any . . . reason that justifies [such] relief." FED. R. CIV. P. 60(b)(6). Courts employ this final catch-all reason sparingly, applying it only in "extraordinary circumstances." *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 393 (1993). A party seeking relief under Rules 60(b)(4) or 60(b)(6) must file such a motion within a reasonable time. FED. R. CIV. P. 60(c)(1). The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys. Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

### 2. The Plaintiff Has Failed to Establish His Entitlement to Relief Under Rule 60(b)(4)

In his second motion for relief upon reconsideration, the plaintiff argues that the court's order granting the defendant's motion for summary judgment should be set aside as void pursuant to Rule 60(b)(4). Pl.'s 2d Mot. at 8-23. Specifically, the plaintiff asserts that the court violated his right to due process by granting the defendant's motion for summary judgment as conceded even though the plaintiff's complaint raised "genuine issues of material fact." *Id.* The defendant responds that the court properly exercised its discretion in granting the motion as conceded, noting that the court granted the plaintiff multiple extensions of time to file an opposition and waited until several months after the deadline to file an opposition had passed before granting the motion for summary judgment. Def.'s Opp'n at 6.

At the time that the defendant's motion for summary judgment was filed, Local Civil Rule 7(b) required an opposing party to file a memorandum of points and authorities in opposition to a motion within eleven days of the date of service of the motion and provided that "if such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded." LCvR 7(b) (amended Dec. 1, 2009). This Circuit has affirmed that a party's failure

to comply with Rule 7(b) permits the court to grant a motion for summary judgment as conceded, without express examination of the merits of the motion. *See Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997) (concluding that the district court did not abuse its discretion in granting a motion for summary judgment as conceded based on the opposing party's failure to file a timely opposition, noting that "[i]n the United States District Court for the District of Columbia, Rule 56 of the Federal Rules of Civil Procedure and other federal rules concerning the submission of motions are supplemented by Local Rule 108(b)");[2] *Zerilli v. Smith*, 656 F.2d 705, 718 (D.C. Cir. 1981) (holding that the district court properly granted the defendant's motion for summary judgment as conceded because the plaintiff failed to file a memorandum of points and authorities in opposition to the defendant's motion); *Int'l Painters & Allied Trades Indus. Pension Fund v. Benchmark Constr. Servs., Inc.*, 2010 WL 2521727, at *1-2 (D.D.C. June 22, 2010) (granting the plaintiff's motion for summary judgment as conceded pursuant to Local Civil Rule 7(b)); *accord Myers v. U.S. Capitol Police Bd.*, 2010 WL 785268, at *1 (D.D.C. Mar. 4, 2010); *Klayman v. Barmak*, 2009 WL 4722803, at *1-2 (D.D.C. Dec. 4, 2009); *Ellipso, Inc. v. Draim*, 2007 WL 1866799, at *1 (D.D.C. June 28, 2007).[3]

As these authorities make clear, the court did not err in granting the defendant's motion for summary judgment as conceded under Local Civil Rule 7(b) based on the plaintiff's failure to file a timely opposition. Furthermore, before granting the defendant's motion for summary judgment as conceded, the court granted the plaintiff multiple extensions of time to file an

---

[2] Local Civil Rule 108(b) has since been renumbered Local Civil Rule 7(b).

[3] *But see Alexander v. Fed. Bureau of Investigation*, 691 F. Supp. 2d 182, 193 (D.D.C. 2010) (stating "even where a summary judgment motion is unopposed, it is only properly granted when the movant has met its burden"); *Klayman v. Judicial Watch, Inc.*, 628 F. Supp. 2d 112, 122 (D.D.C. 2009) (stating "the Court emphasizes that it does not treat the Defendants' motions for summary judgment as conceded, [but] [r]ather, . . . has, as it must, scrutinized the record of the case . . . to address Defendants' motions . . . on the merits").

5

opposition and did not grant the motion as conceded until more than two months after the plaintiff's final deadline for filing an opposition. *See* Minute Order (Nov. 28, 2006); Minute Order (Dec. 6, 2006); Minute Order (Jan. 3, 2007). Accordingly, the court rejects the plaintiff's argument that the court violated his due process rights by granting the defendant's motion for summary judgment as conceded.[4]

### 2. The Plaintiff Has Failed to Establish His Entitlement to Relief Under Rule 60(b)(6)

The plaintiff next asserts that he should be granted relief under the catch-all provision of Rule 60(b)(6) because his failure to file a timely opposition to the defendant's motion for summary judgment was the result of his attorney's gross neglect. Pl.'s 2d Mot. at 22-23. The defendant responds that there is no evidence that the plaintiff was misled by counsel, as required to obtain relief from a judgment under Rule 60(b)(6) for attorney neglect. Def.'s Opp'n at 5.

Although the court may grant relief from a judgment for attorney neglect pursuant to Rule 60(b)(6), *see Jackson v. Wash. Monthly Co.*, 569 F.2d 119, 123 (D.C. Cir. 1978), "motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense," *Lepkowski*, 804 F.2d at 1314 (holding that the district court properly denied the plaintiff's Rule 60(b) motion regarding an order granting the defendant's motion to dismiss as conceded, as the plaintiff's complaint and proposed opposition were insufficient as a matter of law to defeat the motion); *see also Norman v. United States*, 467 F.3d 773, 777-78 (D.C. Cir. 2006) (affirming the district court's denial of a Rule 60(b) motion because the plaintiff lacked an underlying meritorious claim). To show the existence of a meritorious claim or defense, a "movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355

---

[4] Furthermore, as discussed in the following section, the plaintiff's invocation of Rule 60(b)(4) also fails because he has not demonstrated the existence of a meritorious claim or defense, as necessary to obtain relief under Rule 60(b). *See infra* Part III.B.2.

(D.C. Cir. 1995) (noting that the movant "must at least establish that it possesses a potentially meritorious claim or defense which, if proven, will bring success in its wake" (citing *Teamsters, Chauffeurs, Warehousemen & Helpers, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 21 (1st Cir. 1992))).

Notably, the plaintiff does not raise new arguments about the merits of his FOIA action in his second motion for reconsideration or in his proposed opposition to the defendant's motion for summary judgment. *See generally* Pl.'s 2d Mot.; Pl.'s 2d Mot., Ex. A. ("Pl.'s Opp'n"). Rather, the plaintiff asserts that the defendant's motion for summary judgment "require[d] no response as a matter of law because the evidence and documents originally filed in the complaint . . . fully satisfied the requirements of Rule 56(a) and (e)." Pl.'s Opp'n at 2. Accordingly, to determine whether the plaintiff has a meritorious claim, the court considers the arguments raised in the complaint and the exhibits thereto.

In his complaint, the plaintiff does not dispute that the documents sought fall within FOIA Exemption 7(C). *See generally* Compl. Rather, he contends that the documents are nonetheless subject to disclosure under the public interest and public domain exceptions to Exemption 7(C). The court considers each of these exceptions in turn.

The public interest exception provides that an individual may obtain information that is otherwise exempt from FOIA disclosure when the disclosure of the information would be in the public interest. *Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir. 1996). The plaintiff claims that the exception applies here because the information he seeks is necessary to show that the defendant "acted negligently or otherwise improperly" in failing to disclose information at his criminal trial. Compl. ¶ 15.

Yet this Circuit has made clear that in assessing whether the public interest exception applies in a given case, an individual's "personal stake in using the requested records to attack his convictions does not count in the calculation of the public interest." *Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002) (affirming the district court's grant of summary judgment to the defendants in a FOIA action because the plaintiff's invocation of the public interest exception was based on the exculpatory potential of the information he sought), *vacated and remanded on other grounds*, 541 U.S. 970 (2004), *reinstated*, 378 F.3d 1115 (D.C. Cir. 2004); *Martin v. Dep't of Justice*, 488 F.3d 446, 453 (D.C. Cir. 2007) (affirming the district court's holding that the plaintiff did not satisfy the public interest exception because his interest in the "allegedly exculpatory evidence" he sought was "private in nature"); *see also Roth v. U.S. Dep't of Justice*, 656 F. Supp. 2d 153, 163 (D.D.C. 2009) (holding that the plaintiff failed to satisfy the public interest exception by alleging wrongdoing by the FBI in its discovery disclosure at the plaintiff's criminal trial). In this case, the plaintiff grounds his invocation of the public interest exception entirely in his speculation that the information sought could potentially contain exculpatory information. Compl. ¶¶ 15-20. Accordingly, the plaintiff's reliance on the public interest exception lacks merit.

The plaintiff further contends that he is entitled to disclosure because the information was previously disclosed at a criminal trial and thus is already in the public domain. *Id.* ¶¶ 21-22. Indeed, it is the case that information "preserved in a public record" is not exempt from disclosure through any FOIA exemption. *See Niagara Mohawk Power Corp. v. U.S. Dep't of Energy*, 169 F.3d 16, 19 (D.C. Cir. 1999) (stating "the logic of FOIA [mandates that] if identical information is truly public, then enforcement of an exemption cannot fulfill its purpose"); *see also Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999) (stating "[u]nder our public-domain

doctrine, materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent public record"). A party invoking the public domain exception, however, bears the burden of demonstrating that the information sought is already in the public domain. *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1279 (D.C. Cir. 1992). The exception applies only to the specific information whose existence in the public domain is demonstrated by the plaintiff. *Id*. at 1280; *see also North v. U.S. Dep't of Justice*, 658 F. Supp. 2d 163, 173 (D.D.C. 2009) (stating the "burden of production is substantial, requiring the plaintiff to identify the exact portions of the permanent public record he wishes to obtain"). For instance, the plaintiff in *Davis*, who sought certain audio recordings created by the FBI during an undercover investigation, asserted that the records fell under the public domain exception because they had been played during a criminal trial. *Davis*, 968 F.2d at 1278-79. The Circuit held that because the plaintiff could not establish which portions of which tapes had been played during the trial (as those records had been lost), the plaintiff's request failed under the public interest exception. *Id.* at 1279-80 (noting that "to obtain portions of tapes alleged to be in the public domain, [the plaintiff] ha[d] the burden of showing that there [was] a permanent public record of the exact portions he [sought]" and that "[i]t [did] not suffice to show . . . that *some* of the tapes were played to shift the burden to the government").

  The plaintiff utterly fails to meet this burden. Through his FOIA requests, the plaintiff seeks "all investigative records for E. Lopez." Def.'s Mot., Ex. A. To establish that this information is in the public domain, the plaintiff submits lists of witnesses and evidence introduced at a third party's criminal trial, stating that "[a]ll of the information [that he seeks] . . . was made public in a public trial of Pastor Parafn-Homen [sic], case number 95-CR-722." Compl. ¶ 49; *id.*, Exs. RR-VV. The plaintiff, however, provides no indication of which, if any,

9

of the witnesses who testified at the trial or pieces of evidence offered into the record during that trial related to the investigative records of E. Lopez. *See generally id.* By failing to supply this information, he fails meet his burden of identifying the specific information he seeks that exists in the public domain. *Davis*, 968 F.2d at 1280. Thus, the plaintiff's invocation of the public domain exception lacks merit.

For the reasons explained above, granting the defendant's Rule 60(b) motion would be a "futile gesture." *Murray*, 52 F.3d at 355. Thus, because the plaintiff fails to assert a meritorious claim, the court rejects the plaintiff's motion for relief upon reconsideration under Rule 60(b)(6).

### 3. The Plaintiff Has Failed to Establish His Entitlement to Relief Under Rule 60(d)

Finally, the plaintiff contends that the order granting summary judgment to the defendant must be set aside under Rule 60(d)[5] to avoid a grave miscarriage of justice because the ruling was based on a motion for summary judgment that was tainted by a material misrepresentation. Pl.'s 2d Mot. at 24. The plaintiff's argument relies on the erroneous assumption that the court's ruling was based on the merits of the defendant's argument, rather than on the court's authority to grant a motion as conceded based on the plaintiff's failure to oppose the motion. *See* Minute Order (Mar. 16, 2007). Because the plaintiff wrongly assumes that the court relied on a material misrepresentation in granting the defendant's motion for summary judgment, the court rejects the plaintiff's motion for relief upon reconsideration under Rule 60(d).

Furthermore, the plaintiff bases his Rule 60(d) argument on a single sentence in the defendant's motion for summary judgment stating that "there [was] no evidence of bad faith by the agency in this matter." Pl.'s 2d Mot. at 24. The plaintiff contends that this statement was a material misrepresentation because the agency did, in fact, act in bad faith. *Id.* at 24-25. The

---

[5] The plaintiff appears to base this argument on Federal Rule of Civil Procedure 60(d)(3), which authorizes the court to "set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3).

10

plaintiff, however, fails to provide any evidence that the government's claim of good faith was inaccurate, beyond his vague allegations of prosecutorial discovery violations allegedly committed during his criminal trial. *See* Pl.'s 2d Mot. at 24-29; Compl. ¶¶ 15-43. Accordingly, the plaintiff has not demonstrated any entitlement for relief under Rule 60(d).

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motions for relief upon reconsideration. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 5th day of August, 2010.

RICARDO M. URBINA
United States District Judge